IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO JOAQUIN OLIVAS, | No. C 11-0499 JSW (PR) |
| Petitioner, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SUPPLEMENT PLEADINGS; DENYING MOTION FOR APPOINTMENT OF COUNSEL; TO SHOW CAUSE** |
| v. | |
| MIKE MARTEL, Warden, | |
| Respondent. | (Docket Nos. 10, 11) |

Petitioner, a prisoner of the State of California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state conviction. Respondent was ordered to show cause why the petition should not be granted based on the four claims set forth therein. Respondent has filed an answer, along with a supporting memorandum and exhibits, denying the petition. Petitioner filed two motions to stay the petition while he exhausted additional claims in the state courts, both of which were denied without prejudice because he did not make the required showing for a stay under *Rhines v. Webber* 544 U.S. 269, 278-79 (2005).

Petitioner has now filed a motion to supplement his petition with four additional claims: (1) that his habeas corpus petition in the California Court of Appeal should have been consolidated with his direct appeal; (2) that he received ineffective assistance of counsel; (3) that the prosecutor committed misconduct in handling evidence of the infant victim's prior head injuries; and (4) the prosecutor committed misconduct by

intimidating a defense witness. The first claim is not cognizable because a federal habeas writ is unavailable for violations of state law or for alleged error in the interpretation or application of state law, *see Swarthout v. Cooke*, 131 S. Ct. 859, 861-62 (2011), and because errors in the state post-conviction review process are not addressable through federal habeas corpus proceedings, *see Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998). The remaining three claims are, when liberally construed, cognizable. Petitioner's motion to supplement his pleadings (docket number 11) is GRANTED with respect to the second, third, and fourth claims set forth in that motion, and DENIED with respect to the first claim set forth in his motion.

Respondent shall file with the Court and serve on Petitioner, within **ninety (90)** days of the issuance of this order, a supplemental answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based upon the second, third, and fourth claims in Petitioner's motion to supplement his pleadings (docket number 11), as described above. If Respondent believes that these claims overlap in part or in entirety with claims in the original petition, he may so indicate in his supplemental answer. Respondent shall file with the supplemental answer and serve on Petitioner a copy of any portions of the state trial record that have been transcribed previously and that are relevant to a determination of the three claims addressed in the supplemental answer. If Petitioner wishes to respond to the answer or supplemental answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the supplemental answer is filed.

Respondent may, within **ninety (90) days**, file a motion to dismiss the supplemental claims on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a

reply within **fifteen (15)** days of the date any opposition is filed.

Petitioner's motion for appointment of counsel (docket number 10) is DENIED because Petitioner has presented his claims adequately and they are not particularly complex. The Court determines that the interests of justice do not require appointment of counsel at this stage of the case. The motion may, however, be renewed at a later stage of the case -- if, for instance, an evidentiary hearing becomes necessary.

IT IS SO ORDERED.

DATED: September 19, 2011

JEFFREY S. WHITE
United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PEDRO JOAQUIN OLIVAS,

    Plaintiff,

v.

MIKE MARTEL et al,

    Defendant.

Case Number: CV11-00499 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 19, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Pedro Joaquin Olivas
F92862
Mule Creek State Prison
P.O. Box 409040
Ione, CA 95640

Dated: September 19, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk